**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BRUCE WAYNE HURLEY**                                              **PETITIONER**

**V.**                                 **4:03CR0082-1**
                                       **4:06CV01038**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

**ORDER**

Petitioner pled guilty to conspiracy to distribute methamphetamine in violation of 18 U.S.C. §371 and 21 U.S.C. §841(a)(1), and use of a communication facility in the commission of a felony in violation of 21 U.S.C. §843(b) on March 23, 2004. Petitioner sold methamphetamine on January 23 and 24, 2002. The State of Arkansas charged petitioner with delivery of a controlled substance in connection with the January 23 transaction. Petitioner pled guilty to the state charges and received a forty-eight month sentence: thirty-six months were suspended to run consecutive to a state parole violation.

The United States charged Petitioner for related illegal conduct which included the same two drug transactions. Petitioner subsequently entered a plea agreement with the government, stipulating to a certain quantity of drugs which excluded the drugs involved in the January 23 transaction.

At the time of sentencing, the Petitioner requested the district court give him credit for thirty-two months served on the related state charge pursuant to U.S.S.G. §5G1.3. The Court concluded that 5G1.3 did not apply. Petitioner appealed the Court's determination and the United States Court of Appeals for the Eighth Circuit affirmed the judgment of conviction. *See,*

*United States v. Hurley*, 439 F.3d 955 (8th Cir. 2006).

Currently pending before the Court is petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing ineffective assistance of counsel because counsel failed to demonstrate that the district court "was bound to impose his federal sentence to run concurrent with his state sentence pursuant to [U.S.S.G. §]5G1.3" and failed to demonstrate that the district court's advisory sentence was unreasonable because the court failed to credit petitioner with time served on a state sentence arising from the same course of conduct.

To obtain relief on his ineffective assistance of counsel claim, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To establish ineffective assistance of counsel under *Strickland* petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689.  Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

Petitioner fails to state any facts which would support his assertion that he had ineffective assistance of counsel based upon his counsel's alleged failure to demonstrate to the district court that it "was bound to impose his federal sentence to run concurrent with his state sentence, pursuant to [U.S.S.G. §] 5G1.3." The Eighth Circuit Court of Appeals expressly held that §5G1.3 did not apply to the facts of this case because the petitioner's "conduct on January 23 was not the basis for an increase in his offense level because the amount of drugs to which he

stipulated in his plea agreement did not include the amount involved in the January 23 transaction." *Hurley*, 429 F. 3d at 957. Failure to argue the applicability of an inapplicable statute or guideline provision does not render petitioner's counsel's performance deficient. Accordingly, Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness or that but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.

Petitioner also argues that his counsel failed to show that the district court had the discretion to run his federal sentence concurrent with this state sentence and that his counsel was ineffective for failing to file a "downward departure motion because the offense for which he was convicted in state and federal court and serving two sentences [was] for essentially the same identical crime." As set forth herein, the conduct on January 23 for which Petitioner was serving a state sentence, was not the basis for an increase in his offense level because the amount of drugs to which he stipulated in his plea agreement did not include the amount involved in the January 23 transaction. During sentencing, the district court specifically took into consideration Petitioner's request that his federal sentence be concurrent with the state sentence. The Court stated "I am inclined to give Mr. Hurley some credit here but not to the extent he asks." Accordingly, Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness or that but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.

Petitioner alleges that his counsel was ineffective because he failed to demonstrate that petitioner's fifth and sixth amendment rights were violated by the failure to charge and prove all elements of the crime to a jury beyond a reasonable doubt. Petitioner waived indictment and

3

pled guilty to a one count superseding information.  Petitioner agreed to and pled guilty to the essential elements of the charges.  Accordingly, Petitioner's argument has no merit.

Petitioner's argument regarding the retroactivity of *Booker* is moot as *Booker* is applicable to Petitioner's case.  The Court finds the sentence imposed reasonable.  Petitioner pled guilty to conspiracy to distribute methamphetamine in violation of 18 U.S.C. §371 which carries a statutory maximum of sixty months imprisonment and to the use of a communication facility in the commission of a felony in violation of 21 U.S.C. §843(b) which carries a maximum for forty-eight months imprisonment.  Petitioner was sentenced to sixty months imprisonment for his violation of §371 and 30 months for his violation of §843.   Petitioner's sentence fell within the statutory maximum and within the advisory guideline range which was 77 - 96 months.  Petitioner has failed to demonstrate the unreasonableness of this sentence.

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle [him] to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. " *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994).   Based upon the record, the Court finds that petitioner is not entitled to an evidentiary hearing and his arguments fail for the reasons set forth herein.

For the reasons stated above, petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket # 76), is denied .

IT IS SO ORDERED this 3rd day of November, 2006.

_____
James M. Moody
United States District Judge